## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MYKEY TECHNOLOGY, INC.,           :
                                  :
        Plaintiff,              :          C.A. No. 11-cv-443 - LDD
                                  :
    v.                          :
                                  :          JURY TRIAL DEMANDED
CPR TOOLS, INC., INTELLIGENT      :
COMPUTER SOLUTIONS, INC.,         :
LOGICUBE, INC.,                   :
                                  :
        Defendants.             :

### ANSWER OF DEFENDANT, LOGICUBE, INC.

Defendant, Logicube, Inc., ("Logicube") by and through the undersigned counsel hereby responds to the Complaint filed by MyKey Technology, Inc. ("MyKey") . All allegations, averments, statements, and assertions that are not expressly admitted herein are denied.

### THE PARTIES

1.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 1 of the Complaint.

2.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 2 of the Complaint.

3.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 3 of the Complaint.

4.     Logicube admits the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Logicube admits that the Complaint purports to assert a claim for patent infringement and purports to assert that subject matter jurisdiction is proper in the allegations of paragraph 5 of the Complaint.

6.      Logicube admits that it does business in this district and admits the allegations of paragraph 6 of the Complaint as to Logicube only.  Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 6 of the Complaint as to the other Defendants.

7.      That venue is proper is a legal conclusion to which no response is required; Logicube denies the remaining allegations of paragraph 7.

## BACKGROUND

8.      Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 8 of the Complaint.

9.      Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint.

10.      Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint.

11.      Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint.

## COUNT I

## INFRINGEMENT OF THE '682 PATENT

12.      No response is required to paragraph 12 of the Complaint.

2

13.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 13 of the Complaint.

14.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint.

15.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint.

16.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint.

17.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 17 of the Complaint.

18.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint.

19.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 19 of the Complaint.

20.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 20 of the Complaint.

21.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 21 of the Complaint.

22.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 22 of the Complaint.

23.     Logicube admits that it sells a product under the name FORENSIC DOSSIER in the United States.  Otherwise, Logicube denies the allegations of paragraph 23 of the Complaint.

24.     Logicube denies the allegations of paragraph 24 of the Complaint.

25.     Logicube denies the allegations of paragraph 25 of the Complaint.

26.     Logicube denies the allegations of paragraph 26 of the Complaint.

27.     Logicube denies the allegations of paragraph 27 of the Complaint.

28.     Logicube denies the allegations of paragraph 28 of the Complaint.

## COUNT II

### INFRINGEMENT OF THE '086 PATENT

29.     No response is required to paragraph 29 of the Complaint.

30.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 30 of the Complaint.

31.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 31 of the Complaint.

32.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 32 of the Complaint.

33.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 33 of the Complaint.

34.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 34 of the Complaint.

35.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 35 of the Complaint.

36.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 36 of the Complaint.

37.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 37 of the Complaint.

38.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 38 of the Complaint.

39.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 39 of the Complaint.

40.     Logicube admits that sells a product under the name FORENSIC DOSSIER in the United States.  Otherwise, Logicube denies the allegations of paragraph 40 of the Complaint.

41.     Logicube denies the allegations of paragraph 41 of the Complaint.

42.     Logicube denies the allegations of paragraph 42 of the Complaint.

43.     Logicube denies the allegations of paragraph 43 of the Complaint.

44.     Logicube denies the allegations of paragraph 44 of the Complaint.

45.     Logicube denies the allegations of paragraph 45 of the Complaint.

## COUNT III

## INFRINGEMENT OF THE '379 PATENT

46.     No response is required to paragraph 46 of the Complaint.

47.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 47 of the Complaint.

48.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 48 of the Complaint.

49.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 49 of the Complaint.

50.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 50 of the Complaint.

51.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 51 of the Complaint.

52.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 52 of the Complaint.

53.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 53 of the Complaint.

54.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 54 of the Complaint.

55.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 55 of the Complaint.

56.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 56 of the Complaint.

57.     Logicube is without knowledge and information sufficient to form a belief as to the allegations of paragraph 57 of the Complaint.

## AFFIRMATIVE DEFENSES

58.     Logicube states the following defenses.  Logicube does not waive any unstated defenses.  Logicube expressly reserves the right to allege and assert additional defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Noninfringement)

59.     Devices sold by Logicube do not infringe any claims of the patents in suit, either directly or indirectly, or by inducement or contributorily.

## SECOND AFFIRMATIVE DEFENSE

### (Patents are Invalid and/or Unenforceable)

60.     The claims of the patents in suit are invalid and/or unenforceable for failure to sat-

isfy one or more of the conditions of patentability, including those set forth in 35 U.S.C. §§ 101,

102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (U.S. Patent 6,813,682 is Invalid and/or Unenforceable)

61.     The claims of U.S. patent 6,813,682 are invalid and/or unenforceable because

they cannot be performed as there are no commands that "permanently modify a state of the stor-

age device" such that all commands are forwarded to the storage device.

## FOURTH AFFIRMATIVE DEFENSE

### (U.S. Patent 7,159,086 is Invalid and/or Unenforceable)

62.     The claims of U.S. patent 7,159,086 are invalid and/or unenforceable be-cause

they are obvious from U.S. Patent Publication no. 20020133714 in view of U.S. Patent

5,777,811. 35 U.S.C. § 103.

## FIFTH AFFIRMATIVE DEFENSE

### (Claim Scope Limited During Prosecution)

63.     Upon information and belief, by reason of statements made during prosecution of

the asserted patents before the U.S. Patent and Trademark Office, MyKey is estopped from as-

serting that the claims of the patents in suit have a scope sufficient to cover any and/or all of the

accused products offered by Logicube.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

64.     MyKey did not properly mark its products with the pertinent U.S. patent numbers and is therefore not entitled to claim damages or seek relief for the time period prior to filing the Complaint.  35 U.S.C. § 287.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

65.     Upon information and belief, MyKey is equitably estopped from asserting or has waived any right to assert infringement of the patents in suit against Logicube.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

66.     MyKey's prayer for injunctive relief must be dismissed because MyKey has an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel, Laches and/or Unclean Hands)

67.     Upon information and belief, MyKey is barred by estoppel, laches, and/or unclean hands from asserting or has waived any right to assert infringement of the patents in suit against Logicube.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

68.     MyKey is not entitled to any recovery against Logicube because MyKey fails to state a claim for which relief may be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Improper Forum and Improper Defendant)

69.     As Logicube sells products to U.S. Federal Government agencies, and one of those products is referenced in the Complaint, pursuant to 28 U.S.C. §1498(a) MyKey's remedy shall be by action against the United States in the United States Court of Federal Claims such that the appropriate forum for the allegations in the Complaint is the Federal Court of Claims.

70.     Logicube Reserves the right to supplement this Answer with additional affirmative defense revealed during the course of discovery.

## COUNTERCLAIMS

Counterclaimant, Logicube, Inc. ("Logicube"), counterclaims and alleges against MyKey as follows:

1.     Counterclaimant Logicube Inc. is a corporation organized under the laws of the state of California, having its principal place of business at 19755 Nordhoff Place, Chatsworth, California, 91311.

2.     Counterclaim defendant MyKey Technology, Inc. is a Delaware corporation having its principal place of business at 7851 C Beachcraft Avenue, Gaithersburg, Maryland 20879.

3.     This court has subject matter jurisdiction over counterclaimant's declaratory judgment counterclaims pursuant to 28 USC §§ 2201 and 2202 as the matter in controversy raises a federal question under 35 §§ USC 1331 and 1338.  By its Complaint, MyKey has submitted itself to the jurisdiction of this Court and has created an actual controversy with Logicube.  Venue is the district is proper pursuant to 28 USC § 1391(b) as MyKey is incorporated in Delaware.

## COUNTERCLAIM I

### Declaratory Judgment of Non-Infringement of U.S. Patent 6,813,682

4.      Logicube incorporates the allegations of paragraphs 1-3.

5.      Logicube does not infringe, has not infringed and does not induce and has not in-duced infringement of any claims of U.S. Patent 6,813,682 ("the '682 patent") willfully, or oth-erwise, under any theory, including literal infringement or infringement under the doctrine of equivalents.

6.      No valid claim of the '682 patent can be construed to cover any product used, sold or offered for sale by Logicube.

7.      Wherefore, Logicube requests a declaration that none of its products infringe any claim of the '682 patent.

## COUNTERCLAIM II

### Declaratory Judgment of Non-Infringement of U.S. Patent 7,159,086

8.      Logicube incorporates the allegations of paragraphs 1-3.

9.      Logicube does not infringe, has not infringed and does not induce and has not in-duced infringement of any claims of U.S. Patent 7,159,086 ("the '086 patent"), willfully or oth-erwise, under any theory, including literal infringement or infringement under the doctrine of equivalents.

10.      No valid claim of the '086 patent can be construed to cover any product used, sold or offered for sale by Logicube.

11.      Wherefore, Logicube requests a declaration that none of its products infringe any claim of the '086 patent.

## COUNTERCLAIM III

### Declaratory Judgment of Invalidity of the '682 Patent

12.     Logicube incorporates the allegations of paragraphs 1-3.

13.     Each claim of the '682 patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code.

14.     The '682 patent is invalid for failing to comply with 35 USC §101 or §112.

15.     On information and belief, claim 1 and other claims of the '682 patent are invalid because they cannot be performed as no commands "permanently modify a state of the storage device" such that all commands are forwarded to the storage device, rendering the claims un-patentable.

16.     The '682 patent is invalid as rendered anticipated or obvious under 35 USC §102 or §103 by prior art.

17.     On information and belief, Logicube alleges that, as of the time of MyKey's claims of infringement against Logicube, MyKey knew or should have known that the '682 patent is invalid an unenforceable, and that the '682 patent as a whole, is not infringed, for one or more of the reasons set forth above.  MyKey has, however, in bad faith, and/or in reckless disregard of the invalidity, unenforceability and noninfringement of the '682 patent, alleged patent infringement, thereby making this an exceptional case under 35 USC § 285.

18.     Logicube requests a declaration that each claim of the '682 patent is invalid and that Logicube is entitled to an award of attorney's fees and costs.

## COUNTERCLAIM IV

### Declaratory Judgment of Invalidity of the '086 Patent

19.     Logicube incorporates the allegations of paragraphs 1-3.

20.     Each claim of the '086 patent is invalid for failure to comply with one or more provisions of Title 35 of the United States Code.

21.     On information and belief, the claims of the '086 patent are invalid as obvious under 35 U.S.C. § 103 in view of various prior art, including, but not limited to the combination of U.S. Patent Publication no. 20020133714 and U.S. Patent 5,777,811.

22.     On information and belief, Logicube alleges that, as of the time of MyKey's claims of infringement against Logicube, MyKey knew or should have known that the '086 patent is invalid an unenforceable, and that the '086 patent as a whole, is not infringed, for one or more of the reasons set forth above.  MyKey has, however, in bad faith, and/or in reckless disregard of the invalidity, unenforceability and noninfringement of the '086 patent, alleged patent infringement, thereby making this an exceptional case under 35 USC § 285.

23.     Logicube requests a declaration that each claim of the '086 patent is invalid and that Logicube is entitled to an award of attorney's fees and costs.

### Prayer for Relief

Wherefore, Defendant and counterclaimant Logicube requests that this court:

1.     Hold that all claims of the '682 patent are invalid.

2.     Hold that all claims of the '086 patent are invalid.

3.     Hold that Logicube does not infringe the '682 patent.

4.     Hold that Logicube does not infringe the '086 patent.

5.     Dismiss the Complaint as the appropriate forum is the Federal Court of Claims pursuant to 28 U.S.C. §1498(a).

6.     Deny any relief against Logicube requested by MyKey in the Complaint.

7.     Award Logicube its costs and disbursements

8.      Hold that this is an exceptional case and award Logicube its attorney's fees, costs

and expenses, with interest, pursuant to 35 USC § 285.

9.      Award Logicube any other and further relief as the court may deem appropriate.


Dated: September 13, 2011

Of counsel:
Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Mark A. Goldstein, Cal. Bar No. 175,318
mgoldstein@socalip.com
Jonathan Pearce, Cal. Bar No. 245,776
jpearce@socalip.com
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

WHITEFORD TAYLOR PRESTON LLC

/s Daniel A. Griffith
Daniel A. Griffith, Esquire (#4209)
1220 N. Market Street – Suite 608
Wilmington, DE 19801
Phone: (302) 357-3254
dgriffith@wtplaw.com
Attorneys for Defendant Logicube, Inc.